IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARK EDDIE McKENZIE,

    Petitioner,                    No. 1:06-cv-00450 ALA (HC)

   vs.

JAMES A. YATES, Warden,

    Respondent.                  <u>ORDER</u>

_____ /

     Petitioner is a state prisoner proceeding *pro se* with an application for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254(a). Before this Court are Petitioner's application for a writ of habeas corpus (Doc. 1), Respondent's Answer (Doc. 9), and Petitioner's Traverse (Doc. 17). For the reasons set forth below, Petitioner's application is denied..

I

A

     On June 6, 2003, a Kern County Superior Court jury convicted Petitioner of petty theft with a prior, in violation of Cal. Penal Code § 666, and attempted receipt of stolen property, in violation of Cal. Penal Code § 496(d). The court found that Petitioner had two prior serious

1

felony convictions and sentenced Petitioner to a term of twenty-five to life. (Case No. MF006012A).

B

Petitioner filed a direct appeal of his conviction to the California Court of Appeal, Fifth Appellate District. On November 10, 2004, the California Court of Appeal reversed Petitioner's conviction for attempted receipt of stolen property and affirmed judgment on the remaining counts. (Case No. F043452).

C

On December 13, 2004, Petitioner filed a petition for review in the California Supreme Court. The California Supreme Court denied the petition on January 19, 2005. (Case No. S129893). Petitioner filed his timely application for a writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2254(a) on April 19, 2006.

II

Petitioner has set forth three federal constitutional claims in his application for a writ of habeas corpus pursuant to § 2254(a).[1] In his answer, Respondent has admitted that Petitioner exhausted his federal constitutional claims before the California Supreme Court.

Congress has limited the power of a federal court to grant habeas corpus relief in § 2254(d). It provides as follows

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim-
>
> (1) resulted in a decision that was contrary to, or involved an

---

[1] Petitioner raised four claims in his application, however, the fourth claim requesting reversal of Petitioner's conviction for attempted receipt of stolen property is moot. As Petitioner concedes in his traverse, he previously prevailed on this claim on appeal to the California Court of Appeal. (Doc. 17 at 9).

>unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
>(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Pursuant to § 2254(d)(1), "[a] state court decision is 'contrary to'. . . clearly established [United States Supreme Court] precedents if it 'applies a rule that contradicts the governing law set forth in [Supreme Court] cases,' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [the Supreme Court's] precedent." *Early v. Packer*, 537 U.S. 3, 8 (2002) (citing and quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)).

Under the "unreasonable application" clause of § 2254(d)(1), a federal court may grant habeas corpus relief if the state court identified the correct governing legal principle from Supreme Court precedent, but unreasonably applied that principle to the facts of the case at bar. *Williams*, 529 U.S. at 413. A federal habeas court, however, "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 412; *see also Lockyer v. Andrade*, 538 U.S. 63, 75 (2003) (it is "not enough that a federal habeas court, in its independent review of the legal question, is left with a 'firm conviction' that the state court was 'erroneous'").

A

Petitioner contends that his federal constitutional right to due process and right to trial by jury were violated during *voir dire* when potential jurors were informed by the trial court that Petitioner could be sentenced to probation. During *voir dire*, the trial court stated it

>will have the sole duty of exercising its discretion to decide what

3

> sentence, if any, to impose, whether it be probation, whether it be a misdemeanor offense, whether it be a felony. The Court has a whole gamut of possible sentences. It's nothing that the jury can speculate or consider. So the Court has the option of straight probation and allowing [Petitioner] to go through some kind of probationary program.

*McKenzie*, 2004 WL 2538140 at *9. Petitioner asserts that these statements lowered the prosecution's burden of proof.

The Supreme Court has consistently held that a trial judge has wide discretion in conducting *voir dire*. *See, e.g., Mu'Min v. Virginia*, 500 U.S. 415, 427 (1991) ("stress[ing] the wide discretion granted to the trial court in conducting *voir dire*"); *Ham v. South Carolina*, 409 U.S. 524, 528, (1973) (noting the "traditionally broad discretion accorded to the trial judge in conducting *voir dire*"). Although "'it is inappropriate for a jury to consider or be informed of the consequences of their verdict[,]' . . . an instruction improperly mentioning the penalty for a crime does not require reversal if the context in which it is given indicates that reference to the penalty did not influence the jury's decision.*" U.S. v. Olano*, 62 F.3d 1180, 1201-02 (9th Cir. 1995) (quoting *United States v. Frank*, 956 F.2d 872, 879 (9th Cir.1991)) (citation omitted).

The trial court's comments about probation were made during *voir dire* in response to questions asked by Petitioner's counsel to prospective jurors about the Three Strikes Law. *McKenzie*, 2004 WL 2538140 at *7-10.[2] These comments were made to remind the potential jurors that they were not to consider sentencing if empaneled in determining guilt or innocence. Entitlement to habeas relief as a result of flawed jury instructions depends on "whether the trial court committed an error which rendered the trial so arbitrary and fundamentally unfair that it

---

[2]After explaining to prospective jurors during *voir dire* that the "case [was] a three strikes case," Petitioner's counsel asked which prospective jurors had an "emotional response to hearing [it] was a three strikes case." *People v. McKenzie*, No. F043452 2004 WL 2538140 at *7 (Cal. Ct. App. Nov. 10, 2004) (internal quotations omitted). Petitioner's counsel "then directed specific questions to the panel members as to what they thought about the three strikes law." *Id.* at 8.

4

violate[s] federal due process." *Jammal v. Van de Kamp*, 926 F.2d 918, 920 (9th Cir. 1991) (internal quotation omitted). The conviction was supported by strong evidence. The trial court's comments did not lessen the prosecutor's burden or proving guilt beyond a reasonable doubt. As the Court of Appeal noted, each element was supported by ample evidence, as

> [witnesses] observed [Petitioner] push the shopping cart full of unbagged groceries off the curb and to the car. [The witnesses] continued to watch as [petitioner] quickly threw the groceries into the back seat, while both he and [the driver of the vehicle] looked around and back toward the market. The market's manager testified that [Petitioner] initially cooperated when he demanded the groceries back, but [Petitioner] and [the driver of the vehicle] decided to leave while the manager was still retrieving groceries from the car. [The witnesses] also saw the car started to back out as the manager was still retrieving groceries.

*McKenzie*, 2004 WL 2538140 at *7. Petitioner has failed to demonstrate that the trial court's erroneous reference to probation as a sentencing option rendered the jury's verdict arbitrary or fundamentally unfair.

B

Petitioner also argues that the use of CALJIC No. 2.15 violated his right to due process and his right to trial by jury by allowing the jury to disregard circumstantial evidence and reasonable doubt. CALJIC No. 2.15 reads as follows:

> If you find that a defendant was in conscious possession of recently stolen property, the fact of that possession is not by itself sufficient to permit an inference that the defendant is guilty of the crime of petty theft or attempted receipt of stolen property. Before guilt may be inferred, there must be corroborating evidence tending to prove defendant's guilt. However, this corroborating evidence need only be slight, and need not by itself be sufficient to warrant an inference of guilt.

CALJIC No. 2.15. Petitioner contends that instructing the jury that only "slight" corroboration is necessary to establish his guilt lessened the prosecution's burden of establishing every element

5

of his offense beyond a reasonable doubt.

Due process protects an accused from conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the charged crime. *In re Winship*, 397 U.S. 358, 364 (1970).  The prosecution may not use evidentiary presumptions in a jury charge which have the effect of reducing the prosecution's burden to prove every essential element of the crime beyond a reasonable doubt.  *See Francis v. Franklin*, 471 U.S. 307, 313 (1985).  However, "instructions that contain errors of state law may not form the basis for federal habeas relief." *Gilmore v. Taylor*, 508 U.S. 333, 342 (1993).  Entitlement to habeas relief as a result of flawed jury instructions depends on "whether the trial court committed an error which rendered the trial so arbitrary and fundamentally unfair that it violate[s] federal due process." *Van de Kamp*, 926 F.2d at 920 (internal quotation omitted).

CALJIC 2.15 allows the jury to infer guilt from conscious possession of recently stolen property if the inference is supported by slight corroborating evidence of guilt.  In *Barnes v. United States*, 412 U.S. 837 (1973), the Court upheld the giving of a jury instruction that allowed the jury to infer guilt from the "unexplained possession of recently stolen property." *Id.* at 841. Permissive inferences or presumptions "allow[] – but do[] not require – the trier of fact to infer the elemental fact from proof by the prosecutor of the basic one and which place[] no burden of any kind on the defendant." *County Court of Ulster County, N. Y. v. Allen*, 442 U.S. 140, 157 (1979) (internal citation omitted).  Permissive inferences or presumptions only affect a prosecutor's burden of proof if "there is no rational way the trier could make the connection permitted by the inference." *Id.*  A permissive inference instruction is constitutional unless "the suggested conclusion is not one that reason and common sense justify in light of the proven facts before the jury." *Francis*, 471 U.S. at 314-15; *see also Hanna v. Riveland*, 87 F.3d 1034, 1037 (9th Cir. 1996) (holding that permissive inference jury instructions are constitutional "so long as

it can be said with substantial assurance that the inferred fact is more likely than not to flow from the proved fact on which it is made to depend." (internal quotations omitted)).

Allowing a trier of fact to infer that a defendant is guilty of possessing stolen property from the defendant's unexplained possession of stolen goods is a "traditional common-law inference deeply rooted in our law." *Barnes*, 412 U.S. at 843. CALJIC 2.15 protects criminal defendants "by warning the jury not to infer guilt merely from a defendant's conscious possession of recently stolen goods, without at least some corroborating evidence tending to show the defendant's guilt." *People v. Barker*, 111 Cal. Rptr. 2d 403, 409 (Cal. Ct. App. 2001) (citations omitted). CALJIC 2.15 cannot be viewed in isolation, surrounding instructions that "condition, qualify or explain [it]" must be considered. *Hanna*, 87 F.3d at 1038.

CALJIC 2.15 permitted the jury to infer the commission of the charged crimes from evidence of Petitioner's conscious possession of recently stolen property coupled with corroborating evidence. As noted above, this inference was corroborated by more than "slight" evidence. Witnesses observed Petitioner push a shopping cart full of unbagged groceries over a curb, quickly throw the groceries into a vehicle while looking behind him at the market, willingly return the groceries after being confronted by the store manager, and explain to the manager that the driver of the vehicle "had nothing to do with this." *McKenzie*, 2004 WL 2538140 at *25. After being detained, Petitioner admitted to a law enforcement officer that he had gone into the market to take the groceries. *Id.* CALJIC 2.15 did not alleviate the prosecution's burden of proving every element of the charged offenses beyond a reasonable doubt. This Court agrees with the California Court of Appeal's analysis of this issue. It reasoned as follows:

> The jury herein was told the instructions were to be considered as a whole and that each fact in a chain of circumstantial evidence was required to be proved beyond a reasonable doubt. (CALJIC Nos. 1.01, 2.01.) The jury was fully instructed on the elements of the

>charged offenses and was told that each element of an offense was required to be proved beyond a reasonable doubt before it could render a guilty verdict. (CALJIC No. 2.90.)

*McKenzie*, 2004 WL 2538140 at *25. The use of CALJIC 2.15 did not lower the prosecutor's burden of proof, and did not violate Petitioner's right to due process or his right to a jury trial.

C

Petitioner maintains that the prosecutor committed misconduct in violation of Petitioner's right to due process by questioning him regarding whether witnesses who offered testimony that conflicted with Petitioner's testimony were lying.[3] The California Court of Appeal rejected this claim because Petitioner failed to interpose a contemporaneous objection to the prosecutor's improper questions or request a curative admonition. *McKenzie*, 2004 WL 2538140 at *23.

In *Wainwright v. Sykes*, 433 U.S. 72 (1977), the United States Supreme Court held that if state procedure requires contemporaneous objections to preserve an issue for appellate review, the failure to interpose a contemporaneous objection bars federal habeas review under the doctrine of independent and adequate state procedural grounds. *Id.* at 87-88. "When a state-law default prevents the state court from reaching the merits of a federal claim, that claim can ordinarily not be reviewed in federal court." *Ylst v. Nunnemaker*, 501 U.S. 797, 801 (1991) (citing *Wainwright v. Sykes*, 433 U.S. 72, 87-88 (1977)). "[A] procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case clearly and expressly states that its judgment rests on a state procedural bar." *Harris v. Reed*, 489 U.S. 255, 263 (1989) (internal quotations and citation omitted). However, if a state court relies on a procedural bar, federal habeas review is barred, so long as the state's procedural rule is both independent and adequate. *Coleman v. Thompson*, 501

---

[3]This issue arose over the store manager and the responding law enforcement officer, whose sworn testimony conflicted with that of Petitioner's.

U.S. 722, 729-30 (1991).  In *Coleman*, the Court held that

> [i]n all cases in which a state prisoner has defaulted his federal claim in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Id.* at 750.  In this case, the California Court of Appeal rejected Petitioner's claim for failure to interpose a contemporaneous objection.[4]

I agree with the Court of Appeal's rationale.  Petitioner has failed to demonstrate that a contemporaneous objection was made to the prosecutor's cross-examination questions concerning whether Petitioner believed the witnesses were lying.

## Conclusion

For the reasons set forth above, the California Court of Appeal's decision denying Petitioner relief was not "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," nor did it result in "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).  Accordingly, IT IS HEREBY ORDERED that Petitioner's application for habeas corpus relief (Doc. 1) is DENIED.  The clerk is DIRECTED to enter judgment and close the case.

/////

DATED: October 2, 2008

/s/ Arthur L. Alarcón
UNITED STATES CIRCUIT JUDGE
Sitting by Designation

---

[4] After rejecting Petitioner's claim on procedural grounds, the California Court of Appeal, commented, in *dicta*, that the claim would have been rejected on the merits as well.  *McKenzie*, 2004 WL 2538140 at *23.