IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARK EDDIE McKENZIE,

    Petitioner,                  No. 1:06-cv-00450 ALA (HC)

    vs.

JAMES A. YATES, Warden,

    Respondent.             ORDER
_____/

    Mark Eddie McKenzie ("Petitioner"), a state prisoner is pursuing his application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a). On October 2, 2008, this Court denied Petitioner's application.

    Petitioner filed a notice of appeal on October 31, 2008. He did not file a request for a certificate of appealability. "If no express request is made for a certificate of appealability, the notice of appeal shall be deemed to constitute a request for a certificate." *United States v. Asrar*, 108 F.3d 217, 218 (9th Cir. 1997).

    A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. *Miller-El*

1

*v. Cockrell*, 537 U.S. 322, 335-36 (2003).  The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>>
>> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If the court denies Petitioner's petition, the court may only issue a certificate of appealability "If jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327.  While Petitioner, is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." *Miller-El*, 557 U.S. at 337-38.

In the present case, the Court finds that reasonable jurists might disagree with this

1  Court's conclusion that the trial court's erroneous statement during voir dire examination that the
2  court would have the discretion to grant "straight probation" to the Petitioner did not render "the
3  trial so arbitrary and fundamentally unfair that it violated due process." *Jammal v. Van de*
4  *Kamp*, 926 F.2d 918, 920 (9th Cir. 1991).  Accordingly, this Court hereby orders that a
5  certificate of appealability on this claim is GRANTED.
6      As to Petitioner's other claims, the Court finds that Petitioner has not made the required
7  substantial showing of the denial of a federal constitutional right requiring reversal of the state
8  court's judgment.
9      Accordingly, a certificate of appealability will be DENIED in Petitioner's remaining
10 claims.
11     IT IS ORDERED.
12
13 /////
14 DATED: November 4, 2008

/s/ Arthur L. Alarcón
UNITED STATES CIRCUIT JUDGE
Sitting by Designation